Maria E. Andrade, ISB 6445
Benjamin E. Stein, ISB 9306
IMMIGRANT JUSTICE IDAHO
3775 W. Cassia St.
Boise, ID 83705
(208) 342-0434 tel.
(208) 342-5101 fax
m.andrade@immigrantjusticeidaho.org
b.stein@immigrantjusticeidaho.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| Ramon ESPINOZA RODRIGUEZ<br><br>PLAINTIFF<br><br>vs.<br><br>**CANYON COUNTY**<br><br>DEFENDANT | Civil No. 1:19-cv-19-00192<br><br>**COMPLAINT**<br><br>Agency File. No.:   A206-237-087 |

COMPLAINT    1

## I.    JURSIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1343, and Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. An actual controversy has arisen and now exists between the plaintiff and the defendant.

## II.    PARTIES

4. The Plaintiff is a resident of Idaho.

5. The Defendant Canyon County is a political sub-division of the state of Idaho.

## III.    FACTUAL ALLEGATIONS

6. The Defendant operates the Canyon County Jail in Canyon County, Idaho.

7. The Defendant has custody and control of all persons confined in the Canyon County Jail and is responsible for the day-to-day operations of the Canyon County Jail.

8. On or about May 27, 2017, the Plaintiff was arrested by law enforcement officers based upon an arrest warrant issued by a Canyon County magistrate judge.

9. Upon arrest on May 27, 2017, the Defendant issued the Plaintiff a $1,000.00 bond.  See Exhibit A (Officers Arrest Sheet).

10. On or about May 27, 2017, the Plaintiff's daughter went to the Canyon County jail with the intention of paying the $1,000.00 bond so that the Plaintiff would be released from criminal custody.

11. Near the Canyon County jail, on or about May 27, 2017, a bail bondsman informed the Plaintiff's daughter that there was no bond that could be paid due to a hold issued by Immigration and Customs Enforcement (ICE).

12. On or about May 27, 2017, the Defendant received a document entitled "DEPARTMENT OF HOMELAND SECURITY IMMIGRATION DETAINER-NOTICE OF ACTION" identified as "DHS Form I-247A (3/17)" on the footer of the document relating to the Plaintiff.  See Exhibit B (Form I-247As).

13. The immigration detainer indicates that ICE had determined that the Plaintiff is removable because of "statements made by [the Plaintiff] to an immigration officer and/or other reliable evidence that affirmatively indicate that [the Plaintiff] either lacks immigration status or notwithstanding such status is removable under U.S. immigration law" and requested that the Canyon County Jail maintain custody of the plaintiff "for a period not to exceed 48 hours beyond the time when [the Plaintiff] would otherwise have been released from your custody" to allow DHS to take custody of plaintiff.

14. On or about May 31, 2017, at about 2:30 pm the Plaintiff's daughter paid the $1,000 bond at the Canyon County jail.  See Exhibit C (Notice of Bond Posted).

15. On or about May 31, 2017, after the Defendant accepted the bond payment, the Plaintiff's family waited at the jail all day for the Plaintiff to be released from the Defendant's custody.

16. On or about May 31, 2017, after the Defendant accepted the bond payment, a Canyon County official told the family that it was up to immigration officials whether the Plaintiff would be released.

17. On or about May 31, 2017, after the Defendant accepted the bond, the Plaintiff's daughter's partner was told by a Canyon County official that the Defendant was waiting for ICE to assume custody.

18. During this conversation on or about May 31, 2017, the Plaintiff's daughter's partner explained to the Canyon County official that the Defendant needed to release the Plaintiff in order to avoid being liable for his detention.

19. During this conversation on or about May 31, 2017, the Plaintiff's daughter's partner explained that the Defendant was engaging in a warrantless arrest.

20. On or about 10:02 a.m. on June 1, 2017, Attorney Benjamin Stein sent a letter to the Defendant regarding the Plaintiff's bond payment and ongoing detention. A true and correct copy of which is attached as Exhibit D.

21. Despite the bond being paid and accepted by the Defendant, the Plaintiff was not released from the Defendant's custody until June 1, 2017, at 12:06 pm.

22. At all times relevant to this complaint, ICE and the Defendant had not entered into a written agreement with the United States Attorney General to authorize the Defendant to perform any function of an immigration officer.

23. The Defendant is not authorized to make civil arrests for violations of the Immigration and Nationality Act.

24. The Plaintiff was in the physical custody of the Defendant from May 27, 2017, to June 1, 2017.

25. The Plaintiff was in the legal custody of the Defendant from May 27, 2017, to June 1, 2017.

26. The Defendant confined the Plaintiff from May 27, 2017, to June 1, 2017.

27. The Defendant intended to confine the Plaintiff from May 27, 2017 to June 1, 2017, and intentionally did so.

28. The Plaintiff was aware of his confinement in the Canyon County Jail from May 27, 2017, to June 1, 2017.

29. At all relevant times, the Defendant was aware that a bond had been set for the Plaintiff.

30. The Defendant was aware that it accepted a payment of funds in the amount of the bond set for the Plaintiff for the purpose of securing his release from custody on May 31, 2017.

31. During the course of his incarceration, the Defendant did not provide the Plaintiff any opportunity to challenge his continued detention.

32. The Defendant refused to facilitate the Plaintiff's release from custody at any time before June 1, 2017, including after the Defendant accepted a $1,000.00 bond payment from the Plaintiff's family.

33. Based upon information and belief, the Defendant has a policy, practice, or custom of detaining inmates solely due to a suspicion of the inmate's immigration status.

34. The Defendant has a policy, practice, or custom of detaining inmates solely due to the request of an immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released.

35. The Defendant has a policy, practice, or custom of detaining inmates solely due to an immigration detainer.

36. The Defendant's policy, practice, or customs related to the detention of individuals based upon suspicion of the individual's immigration status or an oral or written request of an immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released is so widespread that it is known by and acted upon third parties such as local bail bond companies.

37. The ICE agency of DHS is only allowed to issue detainers (Form I-247) in accordance with the authority granted to them pursuant to the Immigration and Nationality Act (INA).

38. The Defendant did not ensure that ICE made an individualized finding of the Plaintiff's flight risk before a neutral, detached judicial officer at any time.

39. The Defendant did not ensure that ICE secured a judicial determination of probable cause authorizing the Plaintiff's arrest and detention at any time.

40. The Defendant did not ensure that ICE or any immigration agency provided the Plaintiff with the opportunity to contest any request that the Defendant detain the Plaintiff while he was an inmate at the Canyon County jail.

41. The Defendant did not provide the Plaintiff the opportunity to contest the Defendant's decision to continue his detention, even after the Plaintiff's daughter paid his criminal bond.

42. The Plaintiff did not then and does not now, have any means to challenge the validity of the Defendant's decision to continue his detention without allowing him to be released, even after the Plaintiff's family paid his criminal bond.

43. Because of each of the Defendant's acts complained of herein, the Plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other harm in an amount to be determined at the time of trial.

44. Because of each of the Defendant's acts complained of herein, the Plaintiff's family suffered loss of enjoyment of life, financial loss, mental suffering, emotional distress, stress and other harm in an amount to be determined at the time of trial.

45. The Defendant had the information necessary to prevent the violation of the Plaintiff's constitutional rights as alleged herein.

46. For at least two decades, the immigration officials (previously Immigration and Naturalization Services, and now ICE) have commonly lodged detainers with local jurisdictions.

47. ICE has routinely lodged immigration detainers with the Defendant for several years before 2017, and it continues to routinely lodge detainers with the Defendant.

48. The Defendant has actual or constructive knowledge that commercial bail bond companies in Canyon County are advised that the payment of a bond will not cause a criminal defendant's release if an ICE detainer has been lodged.

49. By May of 2017, the Defendant had actual or constructive knowledge that individuals in their custody were routinely denied release due to an immigration detainer or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

50. By May of 2017, the Defendant had actual or constructive knowledge that individuals in their custody were discouraged from posting a bond due to an immigration detainer or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

51. The Defendant does not provide adequate training to its officials, employees or agents who frequently come into contact with immigration detainers.

52. The Defendant does not provide adequate training to its officials, employees or agents who come into contact with the individuals who seek to secure the release of an individual who is the subject of an immigration detainer.

53. The Defendant does not provide adequate training to its officials, employees, or agents regarding arrest and detention authority.

54. The Defendant is deliberately indifferent to the constitutional rights of persons who are the subject of an immigration detainer or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

55. The Defendant's failure to adequately train their officials, employees or agents regarding immigration detainer or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody is a proximate cause of the Plaintiff's unlawful detention.

56. The Defendant does not take any steps to ensure that the public or people who do business with the Defendant, such as bail bond companies, are made aware of the rights of individuals to be released from state custody upon payment of a bond notwithstanding the criminal defendant's immigration status.

57. At all times relevant to this complaint, the Defendant was aware of the unlawful nature of restraining the Plaintiff's liberty.

58. ICE served the immigration detainer (Form I-247) without a Notice to Appear (NTA).

59. The immigration detainer (Form I-247) lodged against the Plaintiff was not facially valid.

60. The process relied upon by ICE to produce the detainer was not facially valid.

## IV.   CLAIMS FOR RELIEF

### Fourteenth Amendment (Due Process): 42 U.S.C. § 1983

61. The Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs.

62. Without any basis in state or federal law, the Defendant denied the Plaintiff the opportunity to be released by posting bail, thus depriving him of his liberty without due process of law.

### Fourth Amendment (Unlawful Seizure): 42 U.S.C. § 1983

63. The Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs.

64. The Defendant continued to detain the plaintiff without any basis in law by refusing to release him when the Plaintiff's family paid his bond.

65. The Defendant continued to detain the Plaintiff without any basis in state law by not releasing the Plaintiff when the Plaintiff's family paid his bond, depriving him of his liberty.

66. There is no lawful order or process underlying the Defendant's decision to arrest and continue to detain the Plaintiff after he would have otherwise been released.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

67. On his first claim, grant him compensatory damages in an amount to be determined at the time of trial.

68. On his second claim, grant him compensatory damages in an amount to be determined at the time of trial;

69. As to all claims grant him any other damages as authorized by law in an amount to be determined at the time of trial.

70. As to all claims grant him his cost and attorneys' fees pursuant to 42 U.S.C. § 1988; and

71. Grant him such other relief as this Court deems just and proper.

Dated this 24th day of May 2019.

____/S/Maria E. Andrade_____
Maria E. Andrade
Immigrant Justice Idaho
Of Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of May 2019, the foregoing COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

                                  __/S/Maria E. Andrade_____
                                  Maria E. Andrade