Maria E. Andrade, ISB 6445
Benjamin E. Stein, ISB 9306
IMMIGRANT JUSTICE IDAHO
3775 W. Cassia St.
Boise, ID 83705
(208) 342-0434 tel.
(208) 342-5101 fax
m.andrade@immigrantjusticeidaho.org
b.stein@immigrantjusticeidaho.org

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| Ramon ESPINOZA RODRIGUEZ | Civil No. 1:19-cv-19-00192 |
| PLAINTIFF | **FIRST AMENDED COMPLAINT** |
| vs. | Agency File. No.:    A206-237-087 |
| **CANYON COUNTY** | |
| DEFENDANT | |

### I.      JURSIDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question

    jurisdiction), § 1343, and Article III of the United States Constitution.

2.  Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events

    or omissions giving rise to the claim occurred in this judicial district.

3.  An actual controversy has arisen and now exists between the Plaintiff and the

    Defendant.

### II.      PARTIES

4.  The Plaintiff is a resident of Idaho.

5.  The Defendant Canyon County is a political sub-division of the state of Idaho.

### III.      FACTUAL ALLEGATIONS

6.  The Defendant operates the Canyon County Jail in Canyon County, Idaho.

7.  The Defendant has custody and control of all persons confined in the Canyon

    County Jail and is responsible for the day-to-day operations of the Canyon

    County Jail.

8.  On or about May 27, 2017, the Plaintiff was arrested by law enforcement

    officers based upon an arrest warrant issued by a Canyon County magistrate

    judge.

9.  Upon arrest on May 27, 2017, the Defendant issued the Plaintiff a $1,000.00

    bond.  See Exhibit A (Officers Arrest Sheet).

10. On or about May 27, 2017, the Plaintiff's daughter went to the Canyon County jail with the intention of paying the $1,000.00 bond so that the Plaintiff would be released from criminal custody.

11. Near the Canyon County jail, on or about May 27, 2017, a bail bondsman informed the Plaintiff's daughter that there was no bond that could be paid due to a hold issued by Immigration and Customs Enforcement (ICE).

12. On or about May 27, 2017, the Defendant received a document entitled "DEPARTMENT OF HOMELAND SECURITY IMMIGRATION DETAINER-NOTICE OF ACTION" identified as "DHS Form I-247A (3/17)" on the footer of the document relating to the Plaintiff.  See Exhibit B (Form I-247As).

13. The immigration detainer indicates that ICE had determined that the Plaintiff is removable because of "statements made by [the Plaintiff] to an immigration officer and/or other reliable evidence that affirmatively indicate that [the Plaintiff] either lacks immigration status or notwithstanding such status is removable under U.S. immigration law" and requested that the Canyon County Jail maintain custody of the plaintiff "for a period not to exceed 48 hours beyond the time when [the Plaintiff] would otherwise have been released from your custody" to allow DHS to take custody of plaintiff.

14. On or about May 31, 2017, at about 2:30 pm the Plaintiff's daughter paid the $1,000 bond at the Canyon County jail.  See Exhibit C (Notice of Bond Posted).

FIRST AMENDED COMPLAINT    3

15. On or about May 31, 2017, after the Defendant accepted the bond payment, the
    Plaintiff's family waited at the jail all day for the Plaintiff to be released from
    the Defendant's custody.

16. On or about May 31, 2017, after the Defendant accepted the bond payment, a
    Canyon County official told the family that it was up to immigration officials
    whether the Plaintiff would be released.

17. On or about May 31, 2017, after the Defendant accepted the bond payment, the
    Plaintiff's daughter's partner was told by a Canyon County official that the
    Defendant was waiting for ICE to assume custody.

18. During this conversation on or about May 31, 2017, the Plaintiff's daughter's
    partner explained to the Canyon County official that the Defendant needed to
    release the Plaintiff in order to avoid being liable for his detention.

19. During this conversation on or about May 31, 2017, the Plaintiff's daughter's
    partner explained that the Defendant was engaging in a warrantless arrest.

20. On or about 10:02 a.m. on June 1, 2017, Attorney Benjamin Stein sent a letter to
    the Defendant regarding the Plaintiff's bond payment and ongoing detention.
    A true and correct copy of which is attached as Exhibit D.

21. Despite the bond being paid and accepted by the Defendant, the Plaintiff was
    not released from the Defendant's custody until June 1, 2017, at 12:06 pm.

22. At the time of the Defendant's detention of the Plaintiff, the Defendant had not
    entered into a written agreement with the federal government to authorize the
    Defendant to perform any function of an immigration officer.

FIRST AMENDED COMPLAINT    4

23. At the time of the Defendant's detention of the Plaintiff, the Defendant had not entered into an Intergovernmental Services Agreement (IGSA) with the federal government.

24. The Defendant is not authorized to make civil arrests for violations of the Immigration and Nationality Act.

25. The Plaintiff was in the physical custody of the Defendant from May 27, 2017, to June 1, 2017.

26. The Plaintiff was in the legal custody of the Defendant from May 27, 2017, to June 1, 2017.

27. The Defendant confined the Plaintiff from May 27, 2017, to June 1, 2017.

28. The Defendant intended to confine the Plaintiff from May 27, 2017 to June 1, 2017, and intentionally did so.

29. The Plaintiff was aware of his confinement in the Canyon County Jail from May 27, 2017, to June 1, 2017.

30. At all relevant times, the Defendant was aware that a bond had been set for the Plaintiff.

31. The Defendant was aware that it accepted a payment of funds in the amount of the bond set for the Plaintiff for the purpose of securing his release from custody on May 31, 2017.

32. Throughout the course of the Defendant's detention of the Plaintiff, the Defendant did not provide the Plaintiff any opportunity to challenge his continued detention.

FIRST AMENDED COMPLAINT   5

33. The Defendant refused to facilitate the Plaintiff's release from custody at any time before June 1, 2017, including after the Defendant accepted a $1,000.00 bond payment from the Plaintiff's family.

34. After the Defendant accepted the Plaintiff's $1,000.00 bond payment, the Defendant halted the Plaintiff's release because ICE had lodged a Form I-203, "Order to Detain or Release Alien" with the Defendant.

35. The Form I-203 contained a request that the Defendant "PLEASE DETAIN [THE PLAINTIFF] FOR ICE. A true and correct copy of the Form I-203 is attached as Exhibit E.

36. After the Defendant accepted the Plaintiff's $1,000.00 bond payment, the Defendant halted the Plaintiff's release because ICE had lodged a Form I-203, in addition to a Form I-247A, with the Defendant.

37. In deciding to halt the Plaintiff's release from custody after the $1,000.00 bond payment, the Defendant did not rely on a Form I-200.

38. At the time of the Defendant's detention of the Plaintiff, the Defendant had a policy, practice, or custom of detaining inmates solely due to a suspicion regarding the inmate's immigration status.

39. The Defendant has a policy, practice, or custom of detaining inmates solely due to a suspicion regarding the inmate's immigration status.

40. At the time of the Defendant's detention of the Plaintiff, the Defendant had a policy, practice, or custom of detaining inmates solely due to the request of an

immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released.

41. The Defendant has a policy, practice, or custom of detaining inmates solely due to the request of an immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released.

42. At the time of the Defendant's detention of the Plaintiff, the Defendant had a policy, practice, or custom of detaining inmates beyond the period when the inmate would otherwise be released solely due to the lodging of a Form I-203 by ICE.

43. At the time of the Defendant's detention of the Plaintiff, the Defendant had a policy, practice, or custom of detaining inmates beyond the period when the inmate would otherwise be released solely due to the lodging of a Form I-247 by ICE.

44. At the time of the Defendant's detention of the Plaintiff, the Defendant had a policy, practice, or custom of detaining inmates beyond the period when the inmate would otherwise be released due to the lodging of a Form I-203 in addition to a Form I-247 by ICE.

45. Each of the policies described in paragraphs 42-44 remain in effect at the time of the filing of this amended complaint.

46. The Defendant's policy, practice, or customs related to the detention of individuals based upon suspicion of the individual's immigration status or an oral or written request of an immigration official or agency to hold an

individual beyond the period when the inmate would otherwise be released is so widespread that it is known by and acted upon third parties such as local bail bond companies.

47. At the time of the Defendant's detention of the Plaintiff, the Defendant's policy, practice, or customs related to the detention of individuals based upon suspicion of the individual's immigration status or an oral or written request of an immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released was so widespread that it is known by and acted upon third parties such as local bail bond companies.

48. The ICE agency of DHS is only allowed to issue detainers (Form I-247) in accordance with the authority granted to them pursuant to the Immigration and Nationality Act (INA).

49. The Defendant did not ensure that ICE made an individualized finding of the Plaintiff's flight risk before a neutral, detached judicial officer at any time during the Defendant's detention of the Plaintiff.

50. The Defendant did not ensure that ICE secured a judicial determination of probable cause authorizing the Plaintiff's arrest and detention at any time during the Defendant's detention of the Plaintiff.

51. The Defendant did not ensure that ICE or any immigration agency provided the Plaintiff with the opportunity to contest any document issued by ICE that the Defendants relied upon to halt the Plaintiff's release from custody.

52. The Defendant did not provide the Plaintiff the opportunity to contest the Defendant's decision to halt his release from custody, even after the Plaintiff's daughter paid his criminal bond.

53. The Plaintiff did not then and does not now, have any means to challenge the validity of the Defendant's decision to halt his release from custody, even after the Plaintiff's family paid his criminal bond.

54. Because of each of the Defendant's acts complained of herein, the Plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other harm in an amount to be determined at the time of trial.

55. Because of each of the Defendant's acts complained of herein, the Plaintiff's family suffered loss of enjoyment of life, financial loss, mental suffering, emotional distress, stress and other harm in an amount to be determined at the time of trial.

56. The Defendant had the information necessary to prevent the violation of the Plaintiff's constitutional rights as alleged herein.

57. For at least two decades, the immigration officials (previously Immigration and Naturalization Services, and now ICE) have commonly lodged detainers with local jurisdictions.

58. ICE has routinely lodged immigration detainers with the Defendant for several years before 2017, and it continues to routinely lodge detainers with the Defendant.

59. The Defendant has actual or constructive knowledge that commercial bail bond companies in Canyon County are advised that the payment of a bond will not cause a criminal defendant's release if an ICE detainer has been lodged.

60. By May of 2017, the Defendant had actual or constructive knowledge that individuals in their custody were routinely denied release due to an immigration detainer, immigration forms lodged by ICE (such as Forms I-200, I-203, and/or I-247), or a request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

61. By May of 2017, the Defendant had actual or constructive knowledge that individuals in their custody were discouraged from posting a bond due to an immigration detainer, immigration forms lodged by ICE (such as Forms I-200, I-203 and/or I-247), or a request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

62. The Defendant does not provide adequate training to its officials, employees or agents who frequently come into contact with immigration detainers or immigration forms (such as Forms I-200, I-203, and/or I-247) that are lodged by ICE with the Defendant.

63. The Defendant does not provide adequate training to its officials, employees or agents who come into contact with the individuals who seek to secure the release of an individual who is the subject of interest by ICE.

FIRST AMENDED COMPLAINT  10

64. The Defendant does not provide adequate training to its officials, employees, or agents regarding arrest and detention authority.

65. The Defendant is deliberately indifferent to the constitutional rights of persons who are the subject of an immigration detainer or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody.

66. The Defendant is deliberately indifferent to the constitutional rights of persons who are the subject of immigration forms (such as Forms I-200, I-203, and/or I-247) that are lodged by ICE with the Defendant.

67. The Defendant's failure to adequately train their officials, employees or agents regarding immigration detainer, immigration forms (such as Form I-200, I-203, and/or I-247) or other request by immigration officials to hold an individual beyond the period when they would otherwise be released from criminal custody is a proximate cause of the Plaintiff's unlawful detention.

68. The Defendant does not take any steps to ensure that the public or people who do business with the Defendant, such as bail bond companies, are made aware of the rights of individuals to be released from state custody upon payment of a bond notwithstanding the criminal defendant's immigration status.

69. At all times relevant to this complaint, the Defendant was aware of the unlawful nature of restraining the Plaintiff's liberty.

70. ICE served the immigration detainer (Form I-247) to the Defendant without a Notice to Appear (NTA).

71. The immigration detainer (Form I-247) served to the Defendant naming the
    Plaintiff was not facially valid.

72. The order to detain or release alien (Form I-203) lodged against the Plaintiff
    was not facially valid.

73. The process relied upon by ICE to produce the detainer was not facially valid.

## IV.   CLAIMS FOR RELIEF

### Fourteenth Amendment (Due Process): 42 U.S.C. § 1983

74. The Plaintiff re-alleges and incorporates by reference each of the preceding
    paragraphs.

75. Without any basis in state or federal law, the Defendant denied the Plaintiff the
    opportunity to be released by posting bail, thus depriving him of his liberty
    without due process of law.

### Fourth Amendment (Unlawful Seizure): 42 U.S.C. § 1983

76. The Plaintiff re-alleges and incorporates by reference each of the preceding
    paragraphs.

77. The Defendant continued to detain the plaintiff without any basis in law by
    refusing to release him when the Plaintiff's family paid his bond.

78. The Defendant continued to detain the Plaintiff without any basis in state law
    by not releasing the Plaintiff when the Plaintiff's family paid his bond,
    depriving him of his liberty.

79. There is no lawful order or process underlying the Defendant's decision to
    arrest and continue to detain the Plaintiff after he would have otherwise been
    released.

## V.    PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

80. On his first claim, grant him compensatory damages in an amount to be
    determined at the time of trial.

81. On his second claim, grant him compensatory damages in an amount to be
    determined at the time of trial;

82. As to all claims grant him any other damages as authorized by law in an
    amount to be determined at the time of trial.

83. As to all claims grant him his cost and attorneys' fees pursuant to 42 U.S.C. §
    1988; and

84. Grant him such other relief as this Court deems just and proper.

Dated this 1st day of November 2019.

_____/S/Maria E. Andrade_____
Maria E. Andrade
Immigrant Justice Idaho
Of Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November 2019, the foregoing FIRST

AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the

CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Bruce J Castleton      bruce@naylorhales.com


        __/S/Maria E. Andrade_____
        Maria E. Andrade